UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>DEONTE MARSHALL,<br><br>　　　　　　Defendant. | Criminal No. 08-cr-219 |

**DETENTION MEMORANDUM**

　　The Defendant, Deonte Marshall, has been charged by indictment with Unlawful Possession of a Firearm by a Convicted Felon in violation of 18 U.S.C. § 922(g)(1). The Government requested a detention hearing, which was held on August 4, 2008. At the conclusion of the hearing, the Court found that the Defendant should be held without bond. This memorandum is submitted to comply with the statutory obligation that "the judicial officer shall include written findings of fact and a written statement of the reasons for the detention." 18 U.S.C. § 3142(i)(1).

**Findings of Fact**

　　At the detention hearing, the Government proffered that on May 10, 2008, Defendant called 911 and alerted law enforcement to a shooting taking place on North Capitol Street, N.E., Washington, D.C. While on the telephone with the 911 dispatcher, Defendant made statements

which led the police to believe he had taken possession of the victim's firearm. Police obtained a warrant based on Defendant's telephone statement, which was executed on his home on May 28, 2008. Defendant was not home at the time, but his grandmother directed police to Defendant's padlocked room. After gaining entry, police found identification belonging to Defendant, mail addressed to Defendant, and an operable and loaded .32 caliber Smith & Wesson in the pocket of a coat hanging in the closet.

## Discussion

The Bail Reform Act of 1984, 18 U.S.C. § 3141, *et seq.* (hereinafter "the Act"), provides, in pertinent part, that if a judicial officer finds by clear and convincing evidence that "no condition or combination of conditions will reasonably assure . . . the safety of any other person and the community, such judicial officer shall order the detention of the [defendant] before trial." 18 U.S.C. § 3142(e). Thus, danger to the community alone is a sufficient basis upon which to order pretrial detention. *United States v. Salerno*, 481 U.S. 739, 755 (1987); *United States v. Perry*, 788 F.2d 100.

Here, the government seeks pretrial detention on the grounds that no condition or combination of conditions will reasonably assure the safety of the community. In making this determination, the judicial officer shall take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the defendant's history and characteristics, including the defendant's ties to the community; and (4) the nature and seriousness of the danger to any person or to the community which would be posed by the defendant's release. *See* 18 U.S.C. § 3142(g).

The first factor, the nature and circumstances of the offense, favors detention. Unlawful

possession of a firearm and ammunition by a convicted felon is a serious offense, especially when it is loaded and operable.

The second factor, the weight of the evidence, also favors detention. The firearm was found in Defendant's room and Defendant told police during his original interrogation, after waiving his *Miranda* rights, that he had purchased the gun and was in the process of selling it.

The third factor, the history and characteristics of the Defendant, strongly supports pretrial detention. In 2001, Defendant pled guilty to Attempted Unauthorized Use of a Vehicle and Attempted Possession with Intent to Distribute Cocaine in DC Superior Court. While on probation in that case, Defendant was arrested and charged with Unlawful Transportation of a Firearm in U.S. District Court. As a result of that arrest, Superior Court revoked his probation. While on supervised release following his conviction for Unlawful Transportation of a Firearm in District Court, Defendant was arrested in Prince George's County, Maryland, on a narcotics charge. As a result of that arrest, District Court revoked his supervised release and he was sentenced to 24 months incarceration to run concurrently to his sentence in Prince George's County. Defendant was paroled on March 14, 2007, and was under the supervision of Prince George's County at the time of his arrest in the instant case. Based on his history of rearrests while under court supervision, this Court does not believe Defendant is capable of complying with conditions of pre-trial release that may be set in this case.

The fourth factor, the nature and seriousness of the danger to the community should the Defendant be released, also favors detention. Given that gun violence continues to plague the District of Columbia at near epidemic levels, the nature and seriousness of the danger to the community can hardly be overstated.

**Conclusion**

Based upon consideration of all the evidence and the factors set forth in 18 U.S.C. § 3142(g), the Court finds by clear and convincing evidence that no condition or combination of conditions can be imposed that would assure the safety of the community. Therefore, the government's motion for pretrial detention is granted.


Dated: August 5, 2007                              /s/                                        
                                                                ALAN KAY
                                                                UNITED STATES MAGISTRATE JUDGE